IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE VIERA, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:11-cv-100-BN |
| | § | |
| SIGNATURE CONTRACTING | § | |
| SERVICES, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANTS' MOTION TO BAR EVIDENCE**

Defendants Signature Contracting Services, LLC, Marsha Newberry, William Propes, and Corey Tompkins have file a Motion to Bar Evidence [Dkt. No. 68], in which they seek "to bar any evidence or testimony that should have been disclosed pursuant to Fed. R. Civ. P. 26(a) including, but not limited to each plaintiff's damages and the computation thereof" from use at trial. Plaintiffs Jose Viera, Angel Rivera, Matthew Martinez, Jose L. Cedillos, and Rafael A. Morales filed a Response [Dkt. No. 69] opposing the motion to bar evidence, in which they argue that their failure to provide evidence of damages through an initial disclosure was harmless.

Federal Rule of Civil Procedure 26(a)(1)(A)(iii) requires parties to make initial disclosures that include, among other things, "a computation of each category of damages claimed by the disclosing party." FED. R. CIV. P. 26(a)(1)(A)(iii). If a party fails to provide information as required by Rule 26(a), "the party is not allowed to use that information ... at a hearing, or at a trial, unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1).

In evaluating whether a Rule 26(a) violation is harmless, the Court looks to four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party of including the evidence; (3) the possibility of curing such prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose. *See Tex. A&M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 402 (5th Cir. 2003).

Plaintiffs argue that Defendants are not prejudiced by their failure to make initial disclosures of the amount of damages that they claim and how those damages are computed because that evidence was provided in Plaintiffs' pleadings and because Plaintiffs have disclosed in pretrial disclosures that they plan to rely on documents produced by Defendants, such as pay stubs, to prove their damages.

This lawsuit was filed by Plaintiff Jose Viera. *See* Dkt. No. 1. Plaintiffs Angel Rivera, Matthew Martinez, Jose L. Cedillos, and Rafael A. Morales opted in with sworn affidavits. *See* Dkt. Nos. 20 & 31. In the complaint and affidavits, Plaintiffs state the time periods that they worked for Defendants, the number of hours worked per week, and hourly rates at which they were paid. *See* Dkt. No. 1. at ¶¶ 12, 15 (Viera); Dkt. No. 20-2 at 1 (Rivera); Dkt. No. 20-2 at 3 (Martinez); Dkt. No. 20-2 at 4 (Cedillos); Dkt. No. 31-1 at 3 (Morales). Plaintiffs also state that they are seeking damages for overtime hours worked in excess of 40 hours per week, and, in addition to overtime, Plaintiff Martinez also details hours that he allegedly worked but was not paid anything. *See id.*

The complaint and affidavits do not state the total damages sought by each plaintiff or perform the addition and multiplication to determine the total damages,

but all of the information necessary to make those calculations is included. *See id.* Plaintiffs also assert that substantial information concerning their claims for damages were provided to Defendants during mediation. *Cf. Kellogg Brown Root Intern., Inc. v. Altanmia Commercial Mktg. Co. W.L.L.*, Civ. A. No. H-07-2684, 2009 WL 514054, at *11 (S.D. Tex. Mar. 2, 2009) (holding exclusion of witness affidavit not proper when opposing party had notice of witness's knowledge from prior arbitration proceedings).

In their Pretrial Disclosures, Plaintiffs state that they expect to offer copies of Plaintiffs' pay stubs as exhibits and that they may offer other payment records produced by Defendants. *See* Dkt. Nos. 46 & 47. And Plaintiffs provide the total damages sought by each Plaintiff and computations for those totals in Plaintiffs' Supplemental Initial Disclosures [Dkt. No. 69-1], which are attached as an exhibit to their response to Defendants' motion to bar evidence.

There is no real dispute that the evidence that Defendants seek to bar is important to Plaintiffs' case. Defendants do not argue that they have been prejudiced by Plaintiffs' failure to disclose evidence concerning their damages in initial disclosures. And, although any prejudice in this case could be cured by a continuance, Defendants do not seek a continuance but instead ask for automatic exclusion of the damages evidence.

Plaintiff's attorneys explain that the failure to timely make initial disclosures was inadvertent. According to Plaintiffs' attorneys, there was a significant turnover in attorneys at their office during the pendency of this case, but there was never a conscious attempt to hide the computations of Plaintiffs' damages from Defendants.

And, in fact, there is no evidence before the Court to suggest that Plaintiffs' noncompliance with Rule 26 was the result of willfulness, fault, or bad faith. *See R & R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247-48 (9th Cir. 2012).

Although it is undisputed that Plaintiffs failed to make initial disclosures as required by Rule 26, the Court finds, after considering the relevant factors, that Plaintiffs' failure to comply with Rule 26 was harmless under the circumstances of this case.

Defendants' Motion to Bar Evidence [Dkt. No. 68] is DENIED, and Plaintiffs will be allowed to offer evidence of damages at trial.

SO ORDERED.

DATE: June 26, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE